Spero v 3781 Broadway, LLC (2023 NY Slip Op 01492)

Spero v 3781 Broadway, LLC

2023 NY Slip Op 01492

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 36235/17E, 43116/18E, 43284/18E Appeal No. 17538 Case No. 2021-03697 

[*1]Ralph Spero, Plaintiff-Respondent,
v
3781 Broadway, LLC, et al., Defendants-Appellants, JD Commercial Builder Inc., Defendant. [A Third-Party Action]
JD Commercial Builder Inc., Second Third-Party Plaintiff,
v
American Flooring Concepts Inc., Second Third-Party Defendant-Respondent.

Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for appellants.
Lisa M. Comeau, Garden City, for Ralph Spero, respondent.
Law Offices of Terrence F. Kuhn, New York (Patricia Seegers of counsel), for American Flooring Concepts, respondent.

Order, Supreme Court, Bronx County (Dawn Jimenez-Salta, J.), entered on or about September 7, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied defendants 3781 Broadway, LLC, Friedland Properties, Inc., Larstrand Corporation, and Boston Market Corporation's (collectively Broadway defendants) cross motion for summary judgment on their cross claim for contractual indemnification from second third-party defendant American Flooring Concepts Inc., unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim. Plaintiff submitted evidence that he was struck by a waterlogged plywood board, measuring eight feet by four feet and weighing 60 to 100 pounds. The board had been placed vertically on the floor to cover a doorless exterior door frame to keep the cold and windy weather from delaying the curing of newly installed clay tiles, and to prevent other trades from using the doorway and walking over the new tiles. An employee of the general contractor fastened the board with a single screw to the door frame header. The plywood board toppled due to a gust of wind and struck plaintiff with significant force, due to the height differential, the weight of the board and the force of the wind. The deposition testimony, photographic evidence and opinion of plaintiff's safety expert established that the heavy plywood board constituted a load that required securing for the undertaking (see generally Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 8-11 [2011]). Plaintiff's expert opined that horizontally placed two-by-fours affixed to the doorframe could have been used as braces — a security device within the contemplation of Labor Law § 240(1) — to secure the plywood board. In opposition, the Broadway defendants failed to raise a triable issue. Therefore, summary judgment was properly granted in plaintiff's favor.
In addition, the motion court providently exercised its discretion in denying the Broadway defendants' motion for summary judgment on its contractual indemnification claim against American Flooring. The Broadway defendants asserted that claim in their answer to American Flooring's cross claim for contractual indemnification against the Broadway defendants which had been asserted 30 months prior (see generally CPLR 3012(d); Emigrant Bank v Rosabianca, 156 AD3d 468, 472-473 [1st Dept 2017]). Depositions had already been completed by the time the Broadway defendants served their contractual indemnification claim against American Flooring. Moreover, the evidence demonstrated that the general contractor was solely responsible for the erection of the plywood board. Accordingly, the indemnification language in American Flooring's subcontract, which limits its liability to its own negligent acts or omissions, or to those of another individual or entity for which [*2]it would be liable, has not been triggered.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023